NOS. 12-1269 & 12-1788

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| MICHAEL MOORE, et al., <br><br> *Plaintiffs-Appellants*, <br><br> v. <br><br> LISA M. MADIGAN, *et al.*, <br><br> *Defendants-Appellees*. | On Appeal from United States District Court for the Central District of Illinois <br><br> No. 11-cv-3134-SEM-BGC <br><br> Honorable Sue E. Myerscough |
| MARY SHEPARD and ILLINOIS STATE RIFLE ASSOCIATION, <br><br> *Plaintiffs-Appellants*, <br><br> v. <br><br> LISA M. MADIGAN, *et al.*, <br><br> *Defendants-Appellees*. | On Appeal from United States District Court for the Southern District of Illinois <br><br> No. 11-CV-405-WDS-PMF <br><br> Honorable William D. Stiehl |

**PLAINTIFFS-APPELLANTS MARY SHEPARD AND ILLINOIS STATE RIFLE ASSOCIATION'S OPPOSITION TO MOTION TO STAY MANDATE FOR ADDITIONAL 30 DAYS**

Mary Shepard and the Illinois State Rifle Association, Plaintiffs-Appellants in No. 12-1788, oppose Defendants-Appellees' ("Defendants") motion for an additional stay of the mandate beyond the 180 days already granted, and in support of their opposition state as follows:

1.     Nearly six months ago, on December 11, 2012, this Court held that

Illinois's "flat ban on carrying ready-to-use guns outside the home" categorically violates the fundamental Second Amendment right to bear arms. *Moore v. Madigan*, 702 F.3d 933, 940 (7th Cir. 2012). By infringing this fundamental right, the carry ban "stands as a fixed harm" to the Second Amendment rights of the law-abiding residents of Illinois and inflicts irreparable injury on them "every day it remains on the books." *Ezell v. City of Chicago*, 651 F.3d 684, 698, 699 (7th Cir. 2011).

2.     This Court nevertheless stayed its mandate for 180 days to allow the State to craft a new law on carrying firearms in public. The stay amounts to an extraordinary license for the State of Illinois to continue infringing its citizens' fundamental right to bear arms until its expiration on June 10, 2013.

3.     Defendants-Appellees now ask this Court to extend the State's license to inflict irreparable injury on its residents for another 30 days to allow the Governor additional time to review the concealed carry act passed by the legislature on May 31. *See* Firearm Concealed Carry Act, H.B. 183, 98th Gen. Assemb. (Ill.).[1] Granting this request would constitute an entirely unwarranted judicial infringement of the Second Amendment; this Court should not extend its authorization for the State of Illinois to infringe its citizens' fundamental right to

---

[1] Available at http://ilga.gov/legislation/BillStatus.asp?DocNum=183&GAID=12&DocTypeID=HB&LegId=69231&SessionID=85&GA=98.

2

bear arms for one additional day, much less thirty.

4.    Furthermore, Defendants' request is based on a fundamentally flawed premise:  that "the permanent injunctions ordered by this Court will no longer be necessary" once the Firearm Concealed Carry Act is "signed into law."  Defs.' Mot. ¶ 3.  Again, this Court found Illinois's "flat ban on carrying ready-to-use guns outside the home" unconstitutional and ordered that these consolidated cases be remanded "to their respective district courts for the entry of declarations of unconstitutionality and permanent injunctions."  *Moore*, 702 F.3d at 940, 942.

5.    The mere signing of the Act into law does nothing to upset this Court's order.  The Act does not *repeal* the provisions of law that make up the State's ban on carrying firearms outside the home; rather, it amends them to provide that they shall not apply to a person carrying a handgun who has been issued a license issued under the Act.  *See* Firearm Concealed Carry Act § 155. But the Act also provides that the Department of State Police shall have up to 180 days after passage of the Act to make license application forms available.  *Id*. § 10(d).  In other words, if and when the Governor signs the Act into law, it may be another 180 days until Ms. Shepard and other law-abiding citizens of Illinois can even *apply* for a license to exercise their fundamental right to carry a handgun in public (the Department of State police is given an additional 90 days to review completed applications, *id.* § 10(e)).  Thus, Illinois's "flat ban on carrying ready-

3

to-use guns outside the home" will effectively remain in place at least until the Department of State Police makes carry license application forms available, and Defendants should be enjoined from enforcing it at least until that time. (This assumes that the Act is otherwise constitutional, a matter on which we take no position at this time.)

6.     The State of Illinois has no legitimate interest in enforcing its unconstitutional ban on carrying firearms in public: "The existence of a continuing constitutional violation constitutes proof of an irreparable harm, and its remedy certainly would serve the public interest." *Preston v. Thompson*, 589 F.2d 300, 303 n.3 (7th Cir. 1978). This Court has already given the State 180 days to rectify the situation. Enough is enough. Come June 10, Ms. Shepard and the other law-abiding citizens of Illinois should be able to exercise the fundamental right to bear arms that their Constitution guarantees them. And if the Governor and the State wish to hasten the Act's limitations on carriage, they should sign the measure into law immediately and expedite the preparation of applications for licenses.

7.  For these reasons, Defendants' motion should be denied.

Dated: June 4, 2013                    Respectfully submitted,


William N. Howard                      s/ Charles J. Cooper
LOCKE LORD, LLP                        Charles J. Cooper
111 South Wacker Drive                 David H. Thompson
Chicago, IL 60606                      Peter A. Patterson
(312) 443-0333; (312) 896-6433 Fax     COOPER & KIRK, PLLC
                                       1523 New Hampshire Avenue, N.W.
                                       Washington, D.C. 20036
                                       (202) 220-9600; (202) 220-9601 Fax


*Attorneys for Plaintiffs-Appellants*
*Mary Shepard and Illinois State Rifle Association*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Charles J. Cooper
Charles J. Cooper
*Attorney for Plaintiffs-Appellants*
*Mary Shepard and Illinois State Rifle Association*